# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH E. THORNTON, | ) |
| Plaintiff, | ) Civil Action No. 2:14-cv-01469 |
| v. | ) Judge Mark R. Hornak |
| KATHRYN M. HENS-GRECO, et al, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Plaintiff Kenneth Thornton has been granted *in forma pauperis* ("IFP") status to file his Complaint in this Court. In it, he invokes 42 U.S.C. §§ 1983 and 1985 to sue sitting Allegheny County (PA) Common Pleas Court Judge Katherine Hens-Greco, along with Nicole Dicciccio and the Beaver County (PA) Children and Youth Services agency, and Robert Masters of the same agency. He wants money damages, attorneys' fees, and declaratory relief. On Plaintiff's Motion, the Complaint was deemed amended to include as a Defendant the Family Division of the Court of Common Pleas of Allegheny County. *See* text Order of November 17, 2014. For the reasons which follow, the Complaint and Amended Complaint are dismissed without prejudice as to Defendants Hens-Greco and the Family Division of the Court of Common Pleas and with prejudice as to all other Defendants.

When a case is filed invoking IFP status, this Court is duty-bound to promptly examine those pleadings, and it must dismiss the case if it concludes that those pleadings do not state a claim upon which relief may be granted. Leave to amend is to be granted in a civil rights case such as this, unless the Court concludes that any such amendment would be futile. *Scheib v. Butcher*, No. 14-cv-1247, 2014 WL 4851902, *2 (W.D. Pa. Sept. 25, 2014). Tested against that

liberal standard, the Complaint and Amended Complaint demonstrate on their face that they cannot survive the review standard imposed by 28 U.S.C. § 1915(e)(2).

First, an examination of the Plaintiff's pleadings demonstrates that it is an attack on the underlying validity and reasoning of various child custody orders entered by Judge Hens-Greco, along with alleged acts of non-compliance with her orders by the other Defendants. As a state court judge, she is absolutely immune from federal civil rights liability for her judicial acts colorably within her jurisdiction, and all such claims against her must be dismissed. *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 769-70 (3d Cir. 2000). Further, to the extent the Plaintiff seeks to undercut or invalidate the child custody or related orders of that court, this Court is without jurisdiction or the power to do that. To the extent the Plaintiff seeks to attack the merits of Judge Hens-Greco's judicial decisions, the correct avenue is via appeal of them in the state courts. *Gary v. Braddock Cemetery*, 517 F. 3d 195, 201 (3d Cir. 2008); *see Wagner v. UCBR*, 550 Fed. App'x. 99 (3d Cir. 2014). Further, to the extent that he seeks to force compliance with her orders by the other Defendants, his relief lies with Judge Hens-Greco, and not this Court. All such claims will be dismissed without prejudice to their assertion in state court.

In the same vein, claims against the "Family Division of the Court of Common Pleas" are likewise barred, this time by the Eleventh Amendment, since that Court is part of the unified judicial system of the Commonwealth of Pennsylvania. *Benn v. First Judicial Dist.*, 426 F. 3d 233, 239-40 (3d Cir. 2005). Claims against Judge Hens-Greco in her official capacity are, of course, treated as if they are claims against the agency, and they therefore meet the same fate. These jurisdictional defects also cannot be cured by an amendment.

As to the claims against the remaining Defendants, it appears from a close examination of the Complaint and Amended Complaint that all of the "official" actions (e.g. conduct by a state actor or under color of state law) complained of by the Plaintiff occurred at the latest in 2010. Even considering the latest date of *any* action asserted in Plaintiff's pleading, here an evaluation of the child whose custody was at issue in the proceedings in state court, that date was in August, 2012. This case was started with the Plaintiff's filing seeking IFP status on October 29, 2014. That is far more than two years beyond the last "official" act alleged in the Plaintiff's pleadings, and is more than two years beyond the last act of any type asserted in those papers.[1] Thus, those claims asserted under §§ 1983 and 1985 are barred by the applicable two year statute of limitations. *Estate of Lagano v. Bergen County Prosecutor's Office*, 769 F.3d 850, 860 (3d Cir. 2014); *Koren v. Noonan*, 2014 WL 4589921, *4, n. 3 (3d Cir. Sept. 16, 2014); *Robinson v. Johnson*, 313 F. 3d 128, 135, n. 3 (3d Cir. 2002), *cert. denied*, 540 U.S. 826. (2003). That flaw cannot be cured by amendment either.

For each and all of these reasons, the Complaint, as amended, is dismissed without prejudice as to Defendants Hans-Greco and the Family Division of the Allegheny County Court of Common Pleas, and with prejudice as to the other Defendants. An appropriate Order will enter.

Mark R. Hornak
United States District Judge

Dated: November 24, 2014
cc: Mr. Kenneth E. Thornton

---

[1] This is not a conclusion that such allegations could or do support a claim under either of §§ 1983 or 1985, but is only an observation that the latest date of any event asserted in the Complaint, originally or as amended, is still outside of the two-year statute of limitations.

3