# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH E. THORNTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:14-cv-01469 |
| ) | |
| v. ) | Judge Mark R. Hornak |
| ) | |
| KATHRYN M. HENS-GRECO, et al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

This Court previously entered a Memorandum Opinion and Order dismissing this case as to all Defendants, ECF No. 8, 9. Prior to doing so, the Court authorized the Complaint to be amended to add as a party Defendant the "Family Division" of the Allegheny County (PA) Court of Common Pleas, Text Order of November 17, 2014, granting ECF No. 7.

Now, the Plaintiff has filed an Amended Complaint, ECF No. 10, which adds, without leave to do so, a multitude of additional Defendants: Laura Valles, a Court of Common Pleas Hearing Officer, Kreinbrook Psychological Services, Dennis Kreinbrook, Dr. Lela Somen, Dr. Kerry Reed, Sharon Buckley, Leonard Venturini, and The Medicine Shoppe.[1]

Given that this civil action has already been dismissed, it would be improvident to now grant leave to amend. However, given the *in forma pauperis* ("IFP") and *pro se* status of the Plaintiff, and construing his latest filing in a generous fashion in his favor as either a Motion for

---

[1] The Court would note that the Plaintiff has previously colored outside of the lines as to his pleadings, in that he filed a "Complaint" on November 5, 2014, ECF No. 4, that differed from the "Complaint" that he initially filed when he sought and was granted IFP status. ECF No. 1 at Attachment #1. In deference to his *pro se* and IFP status, the Court in essence looked the other way as to that *sub silento* amendment.

Reconsideration, or a Motion to Alter or Amend a Judgment, it nonetheless fails and must be dismissed.

As was noted in the Court's prior Memorandum Opinion, all of the Plaintiff's claims are being litigated under the authority of 42 U.S.C. § 1983. The statute of limitations for all such asserted claims is two (2) years. An examination of the Amended Complaint reveals, as was the case previously, that all of the asserted acts (unlawful or not) occurred more than two years prior to the first date of filing of this civil action. Thus, for each and all of the reasons noted in this Court's dismissal of all the claims in the original Complaint, such claims should remain dismissed for the same reasons. Further, as to any claims against the "new" Defendants, all such claims would be barred by the applicable statute of limitations, and they too must be dismissed, and are so dismissed with prejudice.[2]

An appropriate Order will be entered.

Mark R. Hornak
United States District Judge

Dated: December 4, 2014

cc: Mr. Kenneth E. Thornton

---

[2] Previously, all claims against the various state court-related Defendants were dismissed without prejudice for want of subject matter jurisdiction, and that same result would also appear to obtain as to "new" Defendant Valles. Further, the claims against the balance of the "new" Defendants may also fail as a matter of law for other reasons, such as the application of qualified immunity. What can be discerned at this point is that all of the claims now asserted are barred by the statute of limitations, and the latest pleading does not offer any basis to conclude that any tolling doctrine could logically apply to save them. Consequently, there is no basis to grant leave to amend.

2